```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                               Case No. 2:04-cv-4-FtM-33SPC

TRACT H05-08, 5.00 ACRES OF
LAND, MORE OR LESS IN COLLIER
COUNTY, FLORIDA, LAWRENCE H.
ROSS, IF LIVING, AND, IF
DECEASED, LAWRENCE H. ROSS
(DECEASED) AND THE UNKNOWN HEIRS
AND DEVISEES OF LAWRENCE H.
ROSS, ET AL.,

        Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to the Government's Motion for Withdrawal of Surplus Funds (Doc. # 27), filed May 17, 2012, and pro se Defendant Nancy Ross's Motion for Withdrawal of Funds (Doc. # 28), filed May 24, 2012. For the reasons stated at the hearing on June 15, 2012, the Government's Motion is withdrawn and Defendant Nancy Ross's Motion is granted.

## Discussion

The Government filed its Complaint in Condemnation (Doc. # 1) and Notice of Condemnation (Doc. # 2) on January 2, 2004. On August 18, 2005, this Court held a bench trial on this matter. The Court issued its order pursuant to the bench

trial on August 19, 2005. (Doc. # 21). Therein, the Court explained that the estimated just compensation in this case is $5,000 (which is one thousand dollars per acre). The Court further ruled, "On the date of deposit of the Just Compensation into the Registry of the Court, title to the Property will vest in Plaintiff, and Plaintiff will be entitled to immediate possession of the Property as of the date of taking, August 18, 2005." Id. at 2.  The Order also stated, "in the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of five years from the date of this Order, the Clerk of Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America." Id. at 3-4.

On September 12, 2005, the Government deposited $5,000.00 into the Court's Registry as estimated just compensation for the land in question. (Doc. # 23). On that date, title to the Property vested in the Government. On September 16, 2005, the Court issued its Final Judgment of Condemnation (Doc. # 25), stating among other things: (1) All parties known or believed by the United States to have an interest in the Property have been served or notified as provided by Rule 71A, Fed.R.Civ.P.;

2

(2) The United States has the right to condemn the Property that is the subject of this action for the public purpose identified in the Complaint; (3) $5,000.00 is just compensation for the Property; (4) The United States has deposited $5,000 in the Court's Registry; (5) on September 12, 2005, title to the Property vested in the USA free and clear of, and discharged of, all claims and liens of every kind whatsoever.  Further, as of September 12, 2005, the United States is entitled to possession of the Property. (Doc. # 25).

There was no action in this case from September 16, 2005, until May 17, 2012, when the Government filed its Motion for Withdrawal of Surplus Funds, in which the Government requested permission to distribute the funds to the National Parks Service. (Doc. # 27).

On May 24, 2012, Nancy Ross filed her Motion for Withdrawal of Funds (Doc. # 28), in which she states that she is entitled to immediate disbursement of all the money.  In her papers, she also claims that she has not had any notice of these proceedings until May 2012.

On June 12, 2012, Ross filed her Notice of Filing Documents Regarding Her Motion for Withdrawal of Funds (Doc. # 30).  The Property originally belonged to Lawrence H. Ross, and she was the sole devisee of Lawrence H. Ross.  The Court

3

has a copy of Lawrence H. Ross's handwritten will (dated December 5, 1994), which states, "My acerage [sic] located in Collier County, Florida I leave to Nancy Ross, Amityville, N.Y." (Doc. # 30-1 at 3).  The will is witnessed and notarized.

At the hearing held on June 15, 2012, the Government withdrew its Motion and agreed that Ross is entitled to all of the money in the Court's registry, including any accrued interest.  Accordingly, the Court grants Ross's Motion.[1]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Government's Motion for Withdrawal of Surplus Funds (Doc. # 27) is **WITHDRAWN**.

(2) Defendant Nancy Ross's Motion for Withdrawal of Funds (Doc. # 28) is **GRANTED**.

(3) The Clerk is directed to issue a check to Nancy Ross at 6 Dowsing Place, Amityville, NY 11701, representing all of the funds held in the registry of the Court in this case, including all accrued interest, **LEAVING NO SUM ON DEPOSIT**.

---

[1] Nancy Ross's brother, Steven Ross, also participated in the hearing and stated that he has no objection to Nancy Ross receiving the funds in question.

**DONE** and **ORDERED** in Fort Myers Florida, this 15th day of June, 2012.

<i>[signature]</i><br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record
Court's Finance Department